# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOHN CRUZ ALICEA,**

    **Plaintiff,**

**v.**                                                     Case No:    6:16-cv-1327-Orl-31DCI

**BRIAN MALLARD, JEFFREY BROUGH
and HOUSE OF BLUES ORLANDO
RESTAURANT CORP.,**

    **Defendants.**

## BENCH ORDER

This Matter comes before the Court on the Defendants' Motion to Strike the Plaintiff's Untimely Objections (Doc. 82), and the Plaintiff's Notice of Filing Objections (Doc. 85).

In the Joint Pretrial Statement (Doc. 51), the Plaintiff objected to Chief Petty Officer David Amet's deposition being read to the jury, based on a failure to show he could not be produced at trial. Additionally, in the section on the Plaintiff's Designations, the Plaintiff itemized numerous objections to various questions and answers in the Amet Deposition. The Defendants filed a Motion to Strike the Plaintiff's Objections, in which they argued that the Plaintiff had waived all untimely form-related objections. Because there were inconsistencies between the designations made by the Defendants and the portions of the transcript the Defendants brought up in their Motion's arguments, the Court ordered the Defendants to provide updated designations. Doc. 83. The Court also ordered the Plaintiff to file any objections that remained after the Defendants filed their updated designations. The Plaintiff did file an updated list of objections. However, rather than merely filing

a list of objections that remained following changes to the Defendants' designations, the Plaintiff filed a list that included many new objections.

Any such new objections that the Plaintiff made on the eve of trial are considered waived and will be overruled. However, new competence objections made by the Plaintiff in his most recent filing are not considered waived if they simply added to a previous objection about Amet's *ability* to testify on a particular matter as a mere lay witness. Amet was not disclosed as an expert witness, nor has he been qualified as one by the Defendants. *See* Fed. R. Civ. P. 26(a)(2); Fed. R. Evid. 702, 703, and 705.  As many of the Plaintiff's objections indicate, if Amet is a lay witness, he is not permitted to offer opinion testimony that is based on specialized knowledge within the scope of Rule 702. Fed. R. Evid. 701. The Court will sustain the valid objections to improper testimony based on specialized knowledge in those instances where the objections were preserved as of the time of the Joint Pretrial Statement, but will overrule those that were not made until the eve of trial in Document 85-1.

**The Court's rulings on the Plaintiff's most recent objections list are as follows:**

- Amet's commendations are not relevant to his testimony.

    - Page 13, Lines 23-25 → **SUSTAINED**

        - The Plaintiff objected to lines 13-25, but only lines 23-25 are designated.

    - Page 14, Lines 1-6 → **SUSTAINED**

- New objections and objections as to form are considered waived.

    - Page 16, lines 22-25 → **OVERRULED**

    - Page 26, lines 1-7 → **OVERRULED**

    - Page 27, lines 1-25 → **OVERRULED**

    - Page 43, lines 16-25 → **OVERRULED**

- o   Page 44, lines 1-25 → **OVERRULED**
- o   Page 45, lines 1-21 → **OVERRULED**
- o   Page 48, lines 1-19 → **OVERRULED**
- o   Page 50, lines 6-25 → **OVERRULED**
- o   Page 51, lines 17-25 → **OVERRULED**
- o   Page 52, lines 17-25 → **OVERRULED**
- o   Page 53, lines 1-20 → **OVERRULED**
- o   Pages 55, lines 1-25 → **OVERRULED**
- o   Page 58, lines 1-25 → **OVERRULED**
- o   Page 60, lines 1-25 → **OVERRULED**
- o   *Page 64, lines 3-25 → OVERRULED[1]*
- o   *Page 65, lines 3-25 → OVERRULED*
- o   *Page 67, lines 1-25 → OVERRULED*
- o   *Page 68, lines 1-16 → OVERRULED*
- o   *Page 70, lines 1-24 → OVERRULED*
- o   *Page 75, lines 11-25 → OVERRULED*
- o   *Page 76, lines 1-25 → OVERRULED*
- o   *Page 77, lines 1-17 → OVERRULED*
- <u>Competence objections related to the non-expert witness status of Amet are not waived IF the Plaintiff previously made an objection related to improper expert testimony in the Joint Pretrial Statement.</u>

---

[1] Italicized objections are those that the Plaintiff has made to the Plaintiff's own cross-examination questions and answers.

- Page 17, lines 1-25 → **SUSTAINED**
- Page 18, lines 1-25 → **SUSTAINED**
- Page 20, lines 1-25 → **SUSTAINED**
- Page 21, lines 1-25 → **SUSTAINED**
- Page 22, lines 1-25 → **SUSTAINED**
- Page 23, lines 1-25 → **SUSTAINED**
- Page 24, lines 1-25 → **SUSTAINED**
- Page 25, lines 1-22 → **SUSTAINED**
- Page 26, lines 8-14 → **SUSTAINED**
- Page 26, lines 15-17 → **OVERRULED**
  - Amet is competent to testify as to whether Alicea was an officer.
- Page 26, lines 18-25 → **SUSTAINED**
- Page 39, lines 5-25 → **SUSTAINED**
  - Plaintiff objects to lines 1-25, but only lines 5-25 are designated.
- Page 40, lines 1-25 → **SUSTAINED**
- Page 42, lines 17-25 → **SUSTAINED**
- Page 47, lines 1-25 → **SUSTAINED**
- Page 48, lines 20-25 → **SUSTAINED**
- Page 49, lines 1-19 → **SUSTAINED**
  - Plaintiff objects to lines 1-25, but only lines 1-19 are designated.
- Page 52, lines 1-3 → **SUSTAINED**
- Page 52, lines 8-15 → **SUSTAINED**
- Page 52, line 16 → **OVERRULED**

- - - - - - - - Amet can testify as to what he personally recalls.
    - Page 56, lines 10-25 → **SUSTAINED**
    - Page 57, lines 1-7 → **SUSTAINED**
    - Page 57, lines 14-18 → **OVERRULED**
    - Page 59, lines 1-25 → **OVERRULED**
    - Page 61, lines 1-3 → **OVERRULED**
- Because House of Blues is no longer a party, and because House of Blues was still a party at the time the Joint Pretrial Statement was filed, objections to the relevance of references to House of Blues are not waived.
    - Page 54, lines 18-25 → **SUSTAINED**
- The existence and content of reports or records filled out by Amet for the Plaintiff are relevant to his knowledge about the Plaintiff's career in the Navy.
    - *Page 74, lines 1-25 → OVERRULED*
    - *Page 75, lines 1-10 → OVERRULED*
- Amet's personal knowledge about the prior determinations by the Navy with respect to various incidents of the Plaintiff's alleged misconduct is relevant to the Plaintiff's Navy career.
    - Page 78, lines 1-25 → **OVERRULED**
- The Plaintiff's record and his eligibility to become a Navy officer is relevant to the question of whether he would have gone on to become a Navy officer.
    - Page 79, lines 1-25 → **OVERRULED**
    - Page 80, lines 1-10 → **OVERRULED**
    - Page 84, lines 22-25 → **OVERRULED**

- o Page 85, lines 1-3 → **OVERRULED**

- Factors considered in discharge determinations are relevant to the Plaintiff's discharge

    - o Page 82, lines 1-25 → **OVERRULED**

- Plaintiff's objections to portions of the transcript that the Defendants have withdrawn from designation are **MOOT**.

    - o Page 81, lines 1-25

The Defendants' Motion to Strike is **GRANTED IN PART** and **DENIED IN PART**, as detailed above in this Order.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 26, 2018.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party