UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN CRUZ ALICEA,

       Plaintiff.
  v.

DEPUTY BRIAN MALLARD, in his individual capacity; DEPUTY JEFFREY BROUGH, in his individual capacity; SHERIFF JERRY DEMINGS as Sheriff of Orange County Florida Sheriff's Office; HOUSE OF BLUES ORLANDO RESTAURANT CORP.; and LIVE NATION WORLDWIDE, INC.,

       Defendants.

Civil Case No.: 6:16-cv-01327-GAP-DAB

**PLAINTIFF, JOHN CRUZ ALICEA MOTION TO TAX ATTORNEYS' FEES AND COSTS WITH INCORPORATED MEMORANDUM OF LAW**

Plaintiff, JOHN CRUZ ALICEA, by and through his undersigned attorney requests that the Court enter a Judgment for attorneys' fees and costs against Defendant, DEPUTY BRIAN MALLARD under 42 U.S.C. §1988 and pursuant to Fed. R. Civ. P. 54(d), and M.D. Fla.L.R. 4.18. In support of his motion, Plaintiff states the following:

**I.**     **Entitlement to Attorneys' Fees**

On June 28, 2018, the Jury in this case entered a Verdict in favor of Plaintiff, JOHN CRUZ ALICEA finding that Defendant, DEPUTY, BRIAN MALLARD, maliciously instituted a criminal proceeding against the plaintiff in the absence of probable cause and caused Plaintiff to suffer punitive damages under 42 USC §1983. The Jury awarded $4,000.00 in damages. [Doc. 111] This case was aggressively defended by the Defendant from the very beginning with resources far superior to that of the Plaintiff. Although an aggressive defense is certainly not to

be complained of, the ensuing litigation required that Plaintiffs' counsels expend considerable time and resources to prosecute this matter. This case involved intense litigation and the parties engaged in substantial written discovery and document production.

## II. Reasonable Award of Attorneys' Fees

42 U.S.C. §1988 allows for a fee award to the "prevailing party" in suits brought for the vindication of civil rights. *See Smalbein v. City of Daytona Beach,* 353 F.3d 901, 903 (11th Cir. 2003). Prevailing plaintiffs' attorneys are presumptively entitled to fees. *See Duncan v. Poythress,* 777 F.2d 1508 (11th Cir. 1985). A liberal standard applies in determining the amount of fees. *See Yates v. Mobile County Personnel Board*, 712 F.2d 1530, 1532 (11th Cir. 1983). In *Blanchard v. Bergeron*, 489 U.S. 87, 96 (1989), the Supreme Court noted that, "Congress has elected to encourage meritorious civil rights claims because of the benefits of such litigation for the named plaintiff and for society at large, irrespective of whether the action seeks monetary damages."

The Eleventh Circuit has adopted a three-pronged approach to assessing a plaintiff's fee application under 42 U.S.C. §1988. *See Dillard v. City of Greensboro,* 213 F.3d 1347, 1353 (11th Cir. 2000). Under the approach, the threshold issue is whether the plaintiff qualifies as a "prevailing party" within the meaning of the statute. The second step requires the court to calculate the "lodestar" by multiplying the reasonable hourly rate times the number of hours reasonably expended on the litigation. *See Blum v. Stenson*, 104 S.Ct. 1541 (1984). Third, the court must determine whether an adjustment to the lodestar is necessary "to account for other considerations that have not yet figured in the computation, the most important being the relation of the results obtained to the work done." *Dillard*, 213 F.3d at 1353 *(citing to Hensley v. Eckerhart*, 103 S.Ct. 1933 (1983)). A fee applicant bears the burden of proving the reasonableness of the amount requested. Although a district court has broad discretion in determining the amount of an award, it must articulate the reasons underlying its decisions to allow for appellate review. *See Norman v. House. Authority of Montgomery*, 836 F.2d 1292 (11th Cir. 1988).

### A. Prevailing Party

Where a plaintiff has achieved success on the merits of the claim and has obtained a judgment, either in the form of damages or equitable relief, prevailing party status has been achieved. *See Salvatori v. Westinghouse Electric Corp.*, 190 F.3d 1244, 1245 (11th Cir. 1999). Once success has been won on a single substantive claim, he qualifies as a prevailing party. *See Fuffin v. Great Dane Trailers,* 969 F.2d 989 (11th Cir. 1992). The attorneys' fees need not be proportional to the damages recovered by the plaintiff. *See City of Riverside v. Rivera,* 477 U.S. 561, 575 (1986). (Approximately $245,000 in fees awarded where $33,350.00 in damages recovered). *See also Wales v. Jack M. Berry*, Inc., 192 F.Supp.2d 1313 (M.D. Fla. 2001) (citing cases where attorneys' fees were several multiples more than damages awarded).

### B. The "Lodestar"

The starting point for calculating reasonable attorneys' fees is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate" for the attorneys' services. *See Hensley v. Eckerhart*, 461 U.S. at 424, 434 (1983); accord *ACLU of Ga. v. Barnes,* 168 F.3d 423, 427 (11th Cir. 1999). The product of these two numbers is commonly termed the base figure or "lodestar." *See Pennsylvania v. Delaware Valley Citizen's Council*, 478 U.S. 546, 563 (1986).

The first "lodestar" factor considered is the hourly rate. "[A] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonable comparable skills, experience and reputation." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) *(quoting Norman*, 836 F.2d at 1299). Second, the court must next consider the reasonableness of the hours expended. It is appropriate for the court to exclude excessive, redundant, and unnecessary hours; hours which are inadequately documented; and hours which would be unreasonable for an attorney to bill the client in the exercise of good billing judgment. *See Hensley,* 461 U.S. at 434; *Duckworth,* 97 F.3d at 1397; *Norman*, 836

F.2d at 1301. In reviewing petitions for attorney's fees, the court exercises its discretion in determining what constitutes reasonable hours. *See Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387 (11th Cir. 1997).

1. <u>Reasonable Hourly Rate</u>

Plaintiff submits that $375.00 per hour is a reasonable hourly rate for the professional services of Bradley N. Laurent and $375.00 per hour for Carlus L. Haynes. "[A] reasonable hourly rate .... is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonable comparable skills, experience and reputation?" *Norman*, 836 F.2d at 1299). A fee applicant bears the burden of producing "satisfactory evidence" that the requested rate is consistent with the prevailing market rate. *See Barnes*, 168 F.3d at 427. Satisfactory evidence includes opinion evidence of reasonable rates or direct evidence of rates charged by lawyers with similar skill under similar circumstances. *See Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) *(citing Norman*, 836 F.2d at 1299). In addition to skill, experience, and reputation, the Court may consider other factors in determining the appropriate hourly rate, including the time and labor required, the preclusion of other employment due to acceptance of the case, the degree of success obtained for the litigant, and hourly rates deemed reasonable in similar cases. *See Assoc. of Disabled Ams. v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 n.1 (11th Cir. 2006) (per curiam). Further, the Court "is itself an expert on the question [of hourly rates] and may consider its own knowledge and experience concerning reasonable and proper fees." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam) (quoting *Norman*, 836 F.2d at 1303). "[A] civil rights case involving a single plaintiff may require analogies to other areas of representation with the absence of 'ongoing relationship between the attorney and the client.'" *Duckworth,* 97 F.3d at 1396 (citing *Norman*, 836 F.2d at 1300). Ultimately, determination of the reasonable hourly rate is within the sound discretion of the Court.

In determining a reasonably hourly rate, the Eleventh Circuit Court of Appeals has provided a list of factors for the district courts to consider. *See Johnson v. Georgia Highway Express. Inc.,* 488 F.2d 714, 717-10 (5th Cir. 1974), abrogated on other grounds, *Blanchard v. Bergeron*, 489 U.S. 87, 94(1989). Although some courts now apply these factors only in determining whether to grant an enhancement to the lodestar, the Supreme Court has stated that these factors usually are subsumed in the lodestar calculation. *See Pennsylvania v. Delaware Valley Citizens' Council*, 478 U.S. 546, 565, 106 S.Ct. 3088, 92 L.Ed.2d439 (1986). *See Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1340 7 (11th Cir.1999) ("The [trial] court properly considered the reasonable attorney fee guidelines the former Fifth Circuit outlined in *Johnson,* which we have subsequently adopted for reasonable fee determinations for prevailing parties); *Carey v. Rudeseal*, 721 F.Supp. 294, 298-99 (N.D.Ga. 1989) ("The Eleventh Circuit has indicated that some of the factors set out in *Johnson* may still have utility in establishing the hourly rate at which a prevailing attorney should be compensated. This is particularly true when there is an issue as to the appropriate rate.")

The twelve *Johnson* factors are as follows: (1) The time and labor required; (2) The novelty and difficulty of the questions; (3) The skill requisite to perform the legal service properly; (4) The preclusion of other employment by the attorney due to acceptance of the case; (5) The customary fee; (6) Whether the fee is fixed or contingent; (7) Time limitations imposed by the client or the circumstances; (8) The amount involved and the results obtained; (9) The experience, reputation, and ability of the attorneys; (10) The "undesirability" of the case; (11) The nature and length of the professional relationship with the client; and (12) Awards in similar cases. *Johnson*, 488 F.2d at 717-19; accord *Farley*, 197 F.3d at 1340 n. 7; *Gaines v. Dougherty County Bd. Of Ed.,* 775 F.2d 1565, 1571 n. 13 (11th Cir. 1985); *Jones v. Central Soya Co.,* 748 F.2d 586, 588 n. 1 (11th Cir.1984); *Dowdell v. City of Apopka,* 698 F.2d 1181, 1187 n. 8 (11th Cir. 1983). These factors are taken verbatim from an earlier version of the American Bar Association Code of Professional

Responsibility, Disciplinary Rule 2-106, which guides attorneys in deciding upon a reasonable fee for legal services.

The Court can also consider some other cases in which the court awarded civil rights attorneys with similar skills to Mr. Haynes and Mr. Laurent. *See Troche v. City of Orlando*, No. 6:14-cv-419-Orl-22KRS, 2015 WL 631380, at *3 (M.D. Fla. Feb. 13, 2015) (finding $250 per hour to be a reasonable rate for a civil rights attorney with six years of experience); *Hodges v. Sch. Bd. of Orange Cty.*, No. 6:11-cv-135-Orl-36GJK, 2014 WL 6455436, at *7 (M.D. Fla. Nov. 13, 2014) (finding $295 per hour to be a reasonable rate for a civil rights attorney with fourteen years of experience) *Holloway v. City of Orlando* No. 6:15-cv-00129-PGB-GJK, 2017, U.S. Dist. Lexis 12222 (M.D. Fla. January 30, 2017) (finding that $285 per hour reasonable rate for civil rights attorneys)..

In the case of *Smith v. Chandler*, No: 6:11-cv-1332-Orl-31KRS, 2013, U.S. Dist. Lexis 91979(M.D. Fla. July 1, 2013) your Honor awarded Attorney Bradley Laurent and Carlus Haynes an hourly rate of $240 an hour and an appellate rate of $250 and hour. Since the *Smith* case, attorney Bradley Laurent and Carlus Haynes have litigated thirty-four civil rights cases and have appealed eight civil rights cases. Mr. Haynes has been practicing for almost 14 years and was admitted to the Florida Bar on November 5, 2004. Mr. Laurent has been practicing for over 13 years and was admitted to the bar on April 21, 2005. Mr. Haynes and Mr. Laurent have been practicing in the area of Civil Rights litigation for 10 years. Considering the number of years Mr. Haynes and Mr. Laurent have been practicing along with the number of civil rights cases they have litigated. Also, Mr. Haynes and Mr. Laurent combined have tried over 160 cases in their careers as attorneys. These 160 cases include both criminal and civil trials. Therefore, an hourly rate of $375 an hour is more than reasonable. While some courts determine hourly rates based on the number of years an attorney has practiced. We are asking this Court to also take into consideration the number of cases the plaintiff's attorneys have litigated.

In the case of *Holloway v. City of Orlando* No. 6:15-cv-00129-PGB-GJK, 2017, U.S. Dist.

Lexis 12222 (M.D. Fla. January 30, 2017 the Court found that Mr. Haynes and Mr. Laurent reasonable hourly rate to be $285 an hour and included.  Since the *Holloway* case My. Haynes and Mr. Laurent have tried three more civil rights cases including this case and Mr. Laurent has litigated fourteen cases since the conclusion of the *Holloway* case concluded.  Given that the Court in *Holloway* increased Mr. Laurent and Mr. Haynes hourly rate based on "First, inflationary considerations dictate that Mr. Laurent and Mr. Haynes should recover more than $240 per hour. Second, three years have passed since their victory in Smith, and since that time Mr. Laurent and Mr. Haynes have acquired greater skill, experience, and reputation in their litigation of civil rights cases. Third, Mr. Laurent and Mr. Haynes achieved a greater degree of success in this case than in Smith." See. *Holloway* at.8. Mr. Haynes and Mr. Laurent would ask this Court to take those same factors into consideration and award Mr. Haynes and Mr. Laurent an hourly rate of $375.00 an hour or what the Court in its discretion deems should be the hourly rate.

*a. Time and Labor Required*

The affidavits of Plaintiffs' counsel itemize the time spent litigating, preparing for trial, and in the trial of the case. As the affidavits illustrate, this case consumed a significant number of attorney hours. This case required a significant amount of attorney time because of the aggressive defense, the number of issues and the number of witnesses involved. In addition, this case required a large amount of formal and informal discovery, investigation and trial preparation. During the litigation of this case and at trial, counsels for Plaintiff was up against highly competent and experienced trial counsel. Virtually every fact and issue were contested which required a tremendous amount of time, energy, attention and persistence.

*b. Novelty and Difficulty of Questions*

Civil Rights cases are unique and inherently difficult to prove. That is especially true in the area of §1983 litigation that involves questions of Constitutional Law. Plaintiff was required to prove that Defendant violated Plaintiffs Constitutional Rights. Instead of a mere denial of wrongdoing,

Defendant went on the offensive. The issue of liability was made difficult by the denial of any wrongdoing by Officer Brian Mallard, by the Defendant's attorney and his witnesses.

*c. Skill Required*

Given the fact that Defendant denied all elements of Plaintiffs cause of action, significant trial and litigation skills were required to adequately represent the Plaintiff in this matter. Defendant was represented throughout this case by two highly experienced and highly competent counsel.

*d. Preclusion of Other Cases*

As stated above, the instant case required for adequate prosecution a substantial number of attorney hours. Bradley Laurent and Carlus Haynes could only accept a select limited number of cases during the prosecution of this cause of action. Acceptance of the instant matter thereby precluded their work on other cases.

*e. Customary Fee*

The customary fee for counsel representing Plaintiffs in §1983 litigation matters such as this depends on the experience and skill level of the involved attorneys. There are few attorneys in central Florida that take §1983 Plaintiff excessive force and malicious prosecution cases on a full contingency fee basis and advance thousands of dollars in costs.

Thirteen years ago, in *Manning v. The School Board of Hillsborough County. Florida*, Case No.: 58-3554-CIV-T-17 (M.D. Fla. 1999), the Court found that the range of hourly rates for attorneys in this market involving similar civil rights litigation to be $150.00 to $400.00. For less experienced attorneys, the range of hourly rates was held to be from $150.00 to $240.00. The hourly fee requested herein is "the rate charged in the community by lawyers of reasonably comparable skill, experience, and reputation for similar services."

*f. Amount Involved and Results Obtained*

The Plaintiff spent a lot of time bringing the case against the Defendant Mallard and the Plaintiff

was successful in proving that his Civil Rights were violated by the Defendant. The degree of success is relevant to a determination of attorneys' fees. The success in a civil rights case cannot be valued solely in monetary terms and courts must be careful not to place undue emphasis on the modest money damages that are found by a jury. *Villano v. City of Boynton Beach* and *Miller*, 254 F. 3d 1302, 1306 (11th Cir. 2001). In *Villano*, the Court found that court must consider the public interest value when a plaintiff vindicates his constitutional rights in a civil rights action. Once success has been won on a single substantive claim, he qualifies as a prevailing party. *See Fuffin v.Great Dane Trailers,* 969 F.2d 989 (11th Cir. 1992). The attorneys' fees need not be proportional to the damages recovered by the plaintiff. *See City of Riverside v. Rivera,* 477 U.S. 561, 575 (1986). *See also Wales v. Jack M. Berry*, Inc., 192 F.Supp.2d 1313 (M.D. Fla. 2001)

Plaintiff has been vindicated in his assertion that his constitutional right to be free from malicious prosecution and arrest without probable cause was violated by Deputy Brian Mallard.

*g. Undesirability of Case*

Given the uncertain outcome of civil rights cases, especially those involving the potential pitfalls of §1983, Plaintiff's case could reasonably be classified at its inception as "undesirable" given the facts, case law and current climate of our society at issue. Moreover, Plaintiff's counsel committed to devote a substantial amount of time and costs to prosecute this matter.

*h. Contingency Fee Relationship*

The attorney/client relationship between Plaintiff and the Law Office of Haynes & Laurent, P.A. began with the execution of the contingency fee contract, over two years prior to the jury trial of this matter. The Law Office of Haynes & Laurent, P.A. agreed to have Plaintiffs costs and expenses as well as fees in this matter be compensated by Plaintiff only upon the contingency of success on his behalf.

*i. Length of Professional Relationship with Client*

Bradley Laurent and Carlus Haynes of the Law Office of Haynes & Laurent, P.A. has represented Plaintiff since February 19, 2016.

*j. Fees*

The Plaintiff requests that the Court determine that the "lodestar" attorneys' fee be calculated as follows:

Bradley N. Laurent (attorney) $375.00/hour x 394.77 = $148,037.50. **Exhibit B**

Carlus L. Haynes (attorney) $375.00/hour x 82.83 = $31,061.25. **Exhibit C**

2. Reasonable Hours

"All reasonable expenses and hours incurred in case preparation, during the course of the litigation, or as an aspect of settlement of the case may be taxed as costs." *ACLU of Ga. v. Barnes*, 168 F. 3d 423, 427 (11th Cir. 1999). As to the work performed, compensable activities including pre-litigation services in preparation of filing the lawsuit, background research and factual investigation, productive attorney's discussions and strategy sessions, negotiations, routine activities such as making telephone calls and reading mail related to the case, monitoring and enforcing the favorable judgment, and even preparing and litigating the request for attorneys' fees. *See City of Riverside v. Rivera*, 477 U.S. 561, 573 n. 6 (1986) (allowing compensation for productive attorney discussions and strategy conferences); *Webb v. Board of Ed.,* 471 U.S. 234, 243, 105 S. Ct, 1923, 85 L.Ed.2d 233 (1985) (allowing compensation for pre-litigation services in preparation of suit); *Cruz v. Hauck*, 762 F.2d 1230, 1233-34 (5th Cir. 1985) (holding that measures to enforce judgment are compensable); *New York State Assoc. for Retarded Children v. Carey,* 711 F.2d 1136, 1146 & n. 5 (2d Cir. 1983) (allowing compensation for background research and reading in complex cases); *Brewster v. Dukakis*, 544 F. Supp. 1069, 1079 (D. Mass. 1982)

(compensating for negotiation sessions), Affd. as modified, 786 F. 2d 16, 21 (1st Cir. 1986); *In Re Agent Orange Prod. Liab. Litig.*, 611 F.Supp. 1296, 1321, 1348 (E.D.N.Y. 1985) (compensating routine activities such as telephone calls or reading mail that contribute to the litigation).

With the exception of routine office overhead normally absorbed by the practicing attorney, "all reasonable expenses incurred in case preparation during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under section 1988" and "the standard of reasonableness is to be given to liberal interpretation." *NAACP v. City of Evergreen*, 812 F.2d 1332, 1337 (11th Cir.1987) *(quoting Dowdell v. City of Apopka,* 698 F. 2d 1181, 1192 (11th Cir. 1983)).

Federal courts "have consistently held that an attorney may be awarded, under statutory fee authorizations, compensation for the expenses of and time spent litigating the issue of a reasonable fee [i.e.] for time spent on the fee application and successful fee appeals." *Thompson v. Pharm.Corp. of Am., Inc.,* 334 F.3d 1242, 1245 (11th Cir. 2003); *Prandini v. Nat'l Tea Co.,* 585 F.2d 47, 53 (3d Cir. 1978).

Counsel for Plaintiff have filed affidavits in support of this motion, and a billing statement itemizing the attorney's fees that details the number of hours reasonably spent in prosecuting the case. The reasonable number of hours for Bradley N. Laurent is 394.77 hours. *(See Exhibit B)* The reasonable number of hours for Carlus L. Haynes is 82.83 hours. *(See Exhibit C)*

### III. *Costs and Expenses*

Section 1920 allows the taxing of certain costs incurred in an action, including clerk fees, court reporter fees (if the transcript is necessarily obtained for use in the case), witness fees, charges for copies (if necessarily obtained for use in the case), and compensation of certain court appointed experts and interpreters. (28 U.S.C. §1920). In *Duckworth*, the Eleventh Circuit held

that charges such as those for general copying, computerized legal research, postage, and other miscellaneous expenses (like parking) are not taxable. *Duckworth*, 97 F.3d at 1399 (11th Cir. 1996).

Under 42 U.S.C. §1988, however, the prevailing party is entitled to recover much more in the way of litigation expenses, "[W]ith the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under section 1988 and 'the standard of reasonableness is to be given a liberal interpretation.' *NAACP v.City of Evergreen,* 812 F.2d 1332, 1337 (11th Cir. 1987) (alteration in original and internal citations omitted). In other words, any expenses incurred during the course of litigation which are normally billed to fee-paying clients should be taxed under section 1988. *See Abrams v. Lightolier,* 50 F.3d 1204, 1225 (3d Cir. 1995). *See Abrams v. Lightolier,* 50 F.3d 1204, 1225 (3d Cir. 1995).

All of the fees being requested are fees directly related to prosecution of Brian Mallard's case are attached to this motion. *(Exhibit A).*

Plaintiff also requests entry of an order awarding all costs and expenses expended by Plaintiff in prosecuting this matter in the total sum of $2,388.79. For an itemization of the costs see the attached Bill of Costs and affidavit. (*See Exhibit D).*

### IV.  Summary

Wherefore, based on the law and the evidence presented in the attached affidavits, Plaintiff requests that the Court enter judgment against the Defendant for Plaintiff as the prevailing party's attorneys' fees incurred by Plaintiff through his attorneys in the total amount of $179,098.75 *(One hundred and seventy-nine thousand and, ninety-eight dollars and seventy-five cent)* and for costs in the total amount of $2,388.79 *(two thousand three hundred and eighty-eight dollars and seventy-nine cents).* Plaintiff has incurred a grand total of **$181,487.54 *(One Hundred and eighty-one thousand,**

*four hundred and eighty-seven dollars and fifty-four cents)* in attorneys' fees and costs and respectfully request the Court to enter a judgment reflecting the grand total. *(See Exhibits A & D).*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 14, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

**Bobby G. Palmer, Jr., Esquire**
Hilyard, Bogan & Palmer, P.A.
Post Office Box 4973
Orlando, FL 32802-4973
Telephone: (407) 425-4251
Facsimile: (407) 841-8431
bpalmer@hilyardlawfirm.com
Attorney for Defendants Mallard and Brough

**Law Office of Haynes and Laurent, P.A.**

  /s/ Bradley N. Laurent
BRADLEY N. LAURENT, ESQUIRE
Florida Bar Number: 0010530
8615 Commodity Circle, Unit 6
Orlando, FL  32819
Telephone:  (407) 246-0077
Fax:  (407) 246-0078
Email:  bnl@fighting4ulaw.com
Attorney for Plaintiff