UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN CRUZ ALICEA,

    Plaintiff,

v.                                      Case No.:  6:16-cv-1327-31-DCI

DEPUTY BRIAN MALLARD, in his
individual capacity; DEPUTY JEFFREY
BROUGH, in his individual capacity;
SHERIFF JERRY DEMINGS as Sheriff of
Orange County Florida Sheriff's Office;
HOUSE OF BLUES ORLANDO
RESTAURANT CORP.; and LIVE
NATION WORLDWIDE, INC.,

    Defendants.
_____/

**DEFENDANT, MALLARD'S RESPONSE WITH SUPPORTING
LEGAL AUTHORITY IN OPPOSITION TO PLAINTIFF'S
MOTION TO TAX ATTORNEYS' FEES AND COSTS
WITH INCORPORATED MEMORANDUM OF LAW**

COMES NOW the Defendant, DEPUTY BRIAN MALLARD, by and through his undersigned counsel, and files this his Response With Supporting Legal Authority in Opposition to Plaintiff's Motion To Tax Attorneys' Fees And Costs With Incorporated Memorandum Of Law, and as grounds therefore states:

**I.    PROCEDURAL HISTORY**

On July 25, 2016, the Plaintiff filed his Complaint And Demand For Jury Trial (hereinafter referred to as the "Complaint") in the Circuit Court of the Ninth Judicial Circuit of Florida.  (Doc. 2)  This action was timely removed to the U.S. District Court for the Middle District of Florida, Orlando Division (hereinafter referred to as the "District Court"), by a notice of removal.  (Doc. 1)  The Complaint sued five (5)

Defendants, including: (1) Deputy Brian Mallard (hereinafter referred to as the "Defendant, Mallard"); (2) Deputy Jeffrey Brough (hereinafter referred to as the "Defendant, Brough"); (3) Sheriff Jerry Demings (hereinafter referred to as the "Defendant, Demings"); (4) House of Blues Orlando Restaurant Corp. (hereinafter referred to as the "Defendant, House of Blues"); and (5) Live Nation Worldwide, Inc. (hereinafter referred to as the "Defendant, Live Nation").

The Complaint consisted of eleven (11) Counts. Count I was an excessive force claim under §1983 against the Defendant, Mallard. Count II was an excessive force claim under §1983 against the Defendant, Brough. Count III was a malicious prosecution claim under §1983 and state law against the Defendant, Mallard. Count IV was a malicious prosecution claim under §1983 and state law against the Defendant, Brough. Count V was a battery claim under state law against the Defendant, Mallard. Count VI was a battery claim under state law against the Defendant, Brough. Count VII was a claim under §1983 against the Defendant, Demings for supervisory liability based on an alleged failure to correct. Count VIII was a claim under §1983 against the Defendant, Demings for supervisory liability based on an alleged failure to train. Counts IX, X and XI were claims against the Defendants, House of Blues and Live Nation, under state law for vicarious liability, negligent hiring or retention and negligent training and supervision, respectively.

On August 8, 2016, the Plaintiff filed his notice of voluntary dismissal without prejudice for claims against the Defendant, Demings. (Doc. 13) On August 9, 2016, the District Court entered its Order dismissing without prejudice Counts VII and VIII against the Defendant, Demings. (Doc. 14) On December 27, 2017, a joint

2

stipulation of dismissal for claims against only the Defendant, Live Nation was filed. (Doc. 38) By Order dated January 2, 2018, the District Court dismissed the Plaintiff's claims against the Defendant, Live Nation. (Doc. 39)

On April 13, 2018, the parties filed their Joint Pretrial Statement. (Doc. 51) In the Joint Pretrial Statement, the Plaintiff sought compensatory damages against the Defendants, Mallard and Brough, in the total amounts of $900,000 for each. After a notice of settlement was filed, the District Court entered an Order on June 26, 2018 dismissing the Defendant, House of Blues. (Doc. 91) On June 25, 2018, this case proceeded to trial against only the Defendants, Brough and Mallard.

On June 28, 2018, the jury entered its verdict which completely exonerated the Defendant, Brough. The jury also found that the Defendant, Mallard did not violate the Plaintiff's constitutional rights under the Fourth Amendment by using more force than reasonably necessary during the arrest of the Plaintiff. The jury also found that the Defendant, Mallard did not batter the Plaintiff under state law. The jury found the Defendant, Mallard liable only for malicious prosecution and awarded no compensatory damages against the Defendant, Mallard. However, the jury did award $4,000 in punitive damages against the Defendant, Mallard. (Doc. 111) A Final Judgment was entered against the Defendant, Mallard on July 31, 2018. (Doc. 115) The Plaintiff filed his Motion to Tax Attorneys' Fees and Costs on August 14, 2018. (Doc. 117)

II. **AWARDS OF ATTORNEYS' FEES ARE DISCRETIONARY UNDER 42 U.S.C. §1988**

The District Court has discretion to award attorneys' fees to a prevailing party under 42 U.S.C. §1988, which states in pertinent part:

3

"In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985 and 1986 of this title … the court, *in its discretion, may allow the prevailing party* … a reasonable attorney's fees as part of the costs…"

Thus, this Court has the discretion to forego entirely an award of attorneys' fees under §1988 in favor of the Plaintiff in this case.

### III. THE PLAINTIFF SHOULD NOT BE AWARDED $179,098.75 IN ATTORNEYS' FEES IN THIS CASE

#### A. APPLICABLE LEGAL STANDARDS

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on litigation multiplied by a reasonable hourly rate." See Hensley, et al. v. Eckerhart, et al., 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40, 50 (1983), citing Johnson v. Georgia Highway Express, Inc., 488 F. 2d 714 (5th Cir. 1974).[1] That method is known as the "loadstar." See Norman v. Housing Authority of City of Montgomery, 836 F. 2d 1292, 1299 (11th Cir. 1988); Am. Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas County, 278 F. Supp. 2d 1301, 1309 (M.D. Fla. 2003) (quoting Blum v. Stenson, 465 U.S. 886, 888, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)), Bivins v, Wrap It Up, Inc., 548 F. 3d 1348, 1350 (11th Cir. 2008).

The amount of a reasonable attorney's fee must be determined on the facts of each case. See Hensley, 461 U.S. at 429. After calculating the lodestar, a district court may reduce the lodestar where "the plaintiff achieved only partial or limited success." Id. at 436; Norman, 836 F. 2d at 1302. If a plaintiff "achieved only limited success, the district court should award only that amount of fees that is reasonable in

---

[1] See Bonner v. City of Prichard, 661 F. 2d 1206, 1207 (11th Cir. 1981) (en banc) (holding that all decisions of the "old Fifth" Circuit handed down prior to the close of business on September 30, 1981, are binding in the Eleventh Circuit.

4

relation to the results obtained." See Andrews v. United States, 122 F. 3d 1367, 1375 (11th Cir. 1997) (quoting Hensley, 46 1 U.S. at 440). "[This] principle is routinely applied in cases where plaintiffs have proven a violation of a constitutional right, but failed to achieve the full measure of the success sought." See Villano v. City of Boynton Beach, 254 F. 3d 1302, 1306 (11th Cir. 2001). "Where recovery of private damages is the purpose of… civil rights litigation, a district court in fixing fees, is obligated to give primary consideration to the amount of damages awarded as compared to the amount sought." See Farrar, et al. v. Hobby, 506 U.S 103, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992) (quoting City of Riverside v. Rivera, 477 U.S. 561, 585 (1986)).

In this case, the hourly rates claimed by the Plaintiff's attorneys exceed the prevailing market hourly rates for this community for attorneys with the same experience as the Plaintiff's attorneys. Furthermore, many of the hours allegedly expended by the Plaintiff's attorneys in this case are excessive, unreasonable or should have been billed at a paralegal hourly rate. Additionally, after calculating the loadstar in this case, this Court should award no fee at all, or in the alternative, apply a substantial reduction to the loadstar based upon the degree of success obtained by the Plaintiff in this case.

**B.   THE PLAINTIFF IS NOT ENTITLED TO AN AWARD OF ATTORNEYS' FEES AT ALL**

The Supreme Court of the United States has held:

"In some circumstances, even a plaintiff who formally 'prevails' under §1988, should receive no attorney's fees at all. A plaintiff who seeks compensatory damages, but receives no more than nominal damages, is often such a prevailing party."

5

Farrar, 506 U.S. at 115, 113 S. Ct. at 575, 121 L. Ed. 2d at 505 - 506.

"When a plaintiff recovers only nominal damages … the only reasonable fee is usually no fee at all." Id., (citing Carey v. Piphus, 435 U.S. 247, 266, 55 L. Ed. 2d 252, 98 S. Ct. 1042 (1978)); see also Gray v. Bostic, 720 F. 3d 887 (11th Cir. 2013) (jury awarded the plaintiff only nominal damages; district court was found to have abused its discretion by awarding attorney's fees to the plaintiff as the plaintiff achieved a de minimis victory); Pouillon v. Little, 326 F. 3d 713 (6th Cir. 2003) (plaintiff's nominal damages award for civil rights claim was insufficient to justify an award of attorney's fees); Virostek v. Liberty Twp. Police Dept./Trustees, 14 F. App'x 493 (6th Cir. 2001) (nominally prevailing plaintiff not entitled to an award of fees and costs, particularly given plaintiff's failure to prove a compensable injury, which was an essential element of her claim for compensatory damages).

In the case of Leggett v. Gold International, Inc., 2007 U.S. Dist. LEXIS 9081 (S.D. Ga. 2007) (quoting Farrar, 506 U.S. at 109-114), the plaintiff asserted Title VII employment claims and a sexual battery claim under Georgia law against the defendants. The plaintiff sought $3.5 million. At the conclusion of the trial, the jury did not award the plaintiff any compensatory damages, but did award only $5,000 in punitive damages. After the plaintiff filed a motion for attorneys' fees and costs, the district court concluded that the plaintiff's modest success did not warrant an award of attorneys' fees at all. In Leggett, the district court held that since the plaintiff received only a small sum in punitive damages, the prosecution of that action accomplished little except to provide the plaintiff with the moral satisfaction of having her rights vindicated in a federal court. Consequently, the plaintiff's limited success

in Leggett was the primary consideration in determining that the plaintiff should not be awarded attorneys' fees at all. Like the plaintiff in Leggett, the Plaintiff in the case at bar was unsuccessful in receiving any compensatory damages from the jury and only recovered $4,000.00 in punitive damages. As a result, the Plaintiff's degree of success in this action does not warrant an award of attorneys' fees at all. Id.; see also Farrar, 506 U.S. at 109-114 (in case in which the jury did not award any compensatory damages, but judgment ordered defendant to pay nominal damages, the only reasonable fee was no fee at all).

There is another ground for arguing that the Plaintiff is entitled to no attorneys' fees at all in this case. On the verdict form, the jury in this case answered "yes" to interrogatory no. 3, which read: "Did Deputy Brian Mallard maliciously institute a criminal proceeding against the Plaintiff in the absence of probable cause which was a legal cause of injury, loss or damage to the Plaintiff?" Unlike interrogatory nos. 1 and 2 of the verdict form, interrogatory no. 3 did not ask whether the "Plaintiff's constitutional rights" were violated. As the Plaintiff sued the Defendant, Mallard for malicious prosecution under both §1983 and state law, the jury in this case did not specifically find that the Plaintiff's constitutional rights were violated. Thus, there is no clear indication that the Plaintiff prevailed on his civil rights claim against the Defendant, Mallard for malicious prosecution for purposes of being entitled to attorneys' fees as a prevailing party under §1988. In the case of Russo v. New York, 672 F. 2d 1014 (2d Cir. 1982), the plaintiff sued defendants for civil rights violations and torts under state law, including the torts of false arrest and malicious prosecution among other torts. The plaintiff did not prevail on his civil rights claims under §1983,

but did prevail on his claim for malicious prosecution under state law. The Second Circuit held in Russo that the plaintiff was not entitled to attorneys' fees under §1988 because the plaintiff did not prevail on his civil rights claims under §1983. "[W]e find nothing in the plain language, the legislative history or the judicial interpretations of section 1988 [which] 'require(s) or justifies' the award of fees to a party who lost on the constitutional claim after a plenary trial."  See also Raley v. Fraser, 747 F. 2d 287 (5th Cir. 1984), citing Russo v. New York (court refused to award attorney's fees because plaintiff did not prevail on his §1983 claims).  Since the Plaintiff in the case at bar didn't clearly prevail on his §1983 claim against the Defendant, Mallard he is arguably not a prevailing party under §1988 for purposes of being entitled to attorneys' fees at all.  Based on the foregoing legal authority, the District Court should award the Plaintiff no attorneys' fees at all.

C. **ASSUMING THE PLAINTIFF IS ENTITLED TO RECEIVE ANY ATTORNEYS' FEES AT ALL, THE HOURLY RATES CLAIMED BY THE PLAINTIFF'S ATTORNEYS EXCEED PREVAILING MARKET RATES**

The hourly rate of $375 requested by the Plaintiff's attorneys, Bradley N. Laurent, Esq. and Carlus L. Haynes, Esq., is excessive in this case. A reasonable hourly rate is based upon "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation."  See Blum, 465 U.S. at 888; Duckworth v. Whisenant, 97 F. 3d 1393, 1396 (11th Cir. 1996) (quoting Norman, 836 F. 2d at 1299).  With respect to hourly rates, the Eleventh Circuit has held:

> "The court … is itself an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Id. at 1303.

The applicant bears the burden of producing satisfactory evidence that the requested hourly rate is in line with prevailing market rates. NAACP v. Evergreen, 812 F. 2d 1332, 1338 (11th Cir. 1987). "[T]he parties ought to provide the court with a range of market rates for lawyers … so that the court may interpolate the prevailing market rate based on an assessment of the skill demonstrated in the case at bar." Norman, 836 F. 2d at 1300 (the court would expect that there would be a range in prevailing market rates). In this case, the Plaintiff has not provided any evidence of the range of reasonable hourly rates in this community.

In establishing a reasonable hourly rate, the District Court may consider certain factors. Maner v. Linkan, LLC, 2015 U.S. App. LEXIS 3256 (11th Cir. 2015); Norman, 836 F. 2d at 1299, 1304; Johnson, 488 F. 2d at 717-19. Those factors, known as the Johnson factors, include: (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Id.

Applying the Johnson factors to the case at bar, the Plaintiff has offered no evidence that this case was either novel or difficult. The Plaintiff's attorneys have offered no evidence as to the number of cases that the Plaintiff's attorneys were precluded from accepting by acceptance of this case. Furthermore, there is no

evidence of record which would show that this case was "undesirable" in any way. There has been no showing by the Plaintiff of the customary fee for representing plaintiffs in §1983 litigation. Additionally, the Plaintiff does not appear to have been represented by the Plaintiff's attorneys other than in this case. Most importantly, the amount involved and the results obtained in this case weigh against awarding the Plaintiff's attorneys $375 per hour.

In the Joint Pretrial Statement, the Plaintiff alleged compensatory damages against the Defendants, Brough and Mallard, in the total amounts of $900,000 for each. The jury completely exonerated the Defendant, Brough of all of the Plaintiff's claims and exonerated the Defendant, Mallard on the Plaintiff's excessive use of force claim under §1983 and the Plaintiff's state law battery claim. Although Mr. Haynes requested $490,000 for lost wages during closing argument, plus general damages, the jury only awarded $4,000 in punitive damages against the Defendant, Mallard. The amount awarded by the jury is less than 1% of the amount of lost wages alone requested by Mr. Haynes in closing argument. Lastly, this lawsuit seems to have vindicated the Plaintiff's personal interests with no spillover benefit to the public. See Popham v. City of Kennesaw, 820 F. 2d 1570, 1580 (11th Cir. 1987).

Considering all of the Johnson factors, the Plaintiff's attorneys should not be awarded an hourly rate in this case of $375 per hour. A reasonable range of prevailing market hourly rates in this community for attorneys with the legal experience of Messrs. Laurent and Haynes would be no more than $275 per hour to $290 per hour. See Ex. 1 - Affidavit of Robert E. Bonner, Esq.

**D.  ASSUMING THE PLAINTIFF IS ENTITLED TO RECEIVE ANY ATTORNEYS' FEES AT ALL, MANY OF THE HOURS CLAIMED BY THE PLAINTIFF'S ATTORNEYS ARE EXCESSIVE, UNREASONABLE, OR SHOULD HAVE BEEN BILLED AT A PARALEGAL HOURLY RATE**

Fee applicants must utilize "billing judgment" and exclude "from their fee applications excessive, redundant, or otherwise unnecessary [hours]." See Barnes v. ACLU, 168 F. 3d 423, 428 (11th Cir. 1999) (quoting Hensley, 461 U.S. at 434).  Fee applicants must exclude hours "that would be unreasonable to bill a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel."  Norman, 836 F. 2d at 1301.  This means that "a lawyer may not be compensated for hours spent on activities for which he would not bill a client of means who was seriously intent on vindicating similar rights, recognizing that in the private sector the economically rationale person engages in some cost benefit analysis."  Id. at 1301.  The District Court should subtract "excessive, redundant or otherwise unnecessary hours" and time spent on discrete and unsuccessful claims. See Duckworth, 97 F. 3d at 1397; Maner v. Linkan, LLC, 2015 U.S. App. LEXIS 3256 (11th Cir. 2015); Norman, 836 F. 2d at 1301.

A review of the billing records of the Plaintiff's attorneys reveal that there are 46.11 hours charged by Mr. Laurent as attorney time that should be more accurately charged as paralegal time.  For instance, 2.28 hours was charged by Mr. Laurent for "proofing complaint and making corrections."  Furthermore, 5.0 hours was charged as attorney time to "prepare exhibits for attorney meeting on April 5," which should be billed at a paralegal rate.  Also, 4.0 hours was charged to "read through medical records and pull out relevant records for exhibits" as attorney time which should have been billed as paralegal time.  Additionally, 10.0 hours was charged for "trial

preparation - reviewed all exhibits and noted which exhibits that were going to be used at trial" and preparing "trial notebooks," all of which should be billed at a paralegal hourly rate instead of an attorney hourly rate.  Furthermore, 6.0 hours was billed to "review billing and itemize notes to prepare motion for attorneys' fees" as attorney time, which is more appropriately billed at a paralegal hourly rate.

It also should be noted that Mr. Laurent charged a total of 11.45 hours to prepare the Complaint.  Given that Mr. Laurent claims to be an experienced §1983 litigator, it certainly should not have taken 11.45 hours to draft a simple complaint.  Instead, at the most, Mr. Laurent should have spent no more than 5.0 hours drafting the Complaint.  See Ex. 1 - Affidavit of Robert E. Bonner.  It also should be noted that Mr. Laurent claims to have expended a total of 59.35 hours responding to the defendants' motion for summary judgment.  That amount of hours is clearly excessive.  Under the circumstances, an experienced §1983 litigator should have expended no more than 20.0 hours responding to the defendants' motion for summary judgment.  See Ex. 1 - Affidavit of Robert E. Bonner.

In reviewing the billing records of Mr. Laurent, it is also apparent that he is claiming a total of 46.55 hours attributable to the claims against the Defendant, House of Blues.  In his Complaint, the Plaintiff did not allege any federal claims against the Defendant, House of Blues, and furthermore, the Plaintiff did not prevail on any claims against the Defendant, House of Blues.  Therefore, it is inappropriate for Mr. Laurent to seek attorneys' fees from the Defendant, Mallard for those state law claims asserted against the Defendant, House of Blues.

In reviewing the billing records charged by Mr. Haynes in this case, it is apparent that there are a total of 20.0 hours attributable to preparation for the testimony of the Defendants' expert, Dr. Richard Hough. That amount of hours is clearly excessive. The cross-examination of Dr. Hough by Mr. Haynes took well less than 1.0 hour. It should not have taken an experienced §1983 litigator 20.0 hours to prepare for the cross-examination of Dr. Hough. Instead, an experienced trial lawyer should have been able to prepare for the cross-examination of Dr. Hough in no more than 5.0 hours. See Ex. 1 - Affidavit of Robert E. Bonner.

In this case, the Plaintiff's attorneys claim they reasonably expended a total of 477.60 hours in prosecuting this case against the Defendant, Mallard. Many of those hours are clearly excessive and unreasonable.[2] A reasonable number of hours for Mr. Laurent to prosecute this case would have been 256.31 hours. See Ex. 1 – Affidavit of Expert Robert E. Bonner. A reasonable number of hours for Mr. Haynes to prosecute this case would have been 67.83 hours. See Ex. 1 – Affidavit of Expert Robert E. Bonner.

**E.  ASSUMING THE PLAINTIFF IS ENTITLED TO RECEIVE ANY ATTORNEYS' FEES AT ALL , AFTER CALCULATING THE LOADSTAR, THIS COURT SHOULD APPLY A SUBSTANTIAL REDUCTION TO THE LOADSTAR BASED UPON THE PLAINTIFF'S DEGREE OF SUCCESS**

In light of the widespread overbilling on the part of the Plaintiff's attorneys in this case, the "lodestar" is certainly not $179,098.75 as claimed by the Plaintiff's attorneys. A reasonable attorneys' fee award for Mr. Laurent would range between $70,485.25 (256.31 hours at $275 per hour) and $74,329.90 (256.31 hours at $290

---

[2] There were 46.11 hours of activity of the Plaintiff's attorneys that should have been billed at paralegal rates of $80 to $90 per hour at a range of between $3,688.80 and $4,149.90. See Ex. 1 - Affidavit of Robert E. Bonner, Esq.

per hour). See Ex. 1 - Affidavit of Robert E. Bonner. A reasonable attorneys' fee award for Mr. Haynes would range between $18,653.25 (67.83 hours at $275 per hour) and $19,670.70 (67.83 hours at $290 per hour). Therefore, the range of reasonable attorneys' fees in this case would be from $89,138.50 to $94,000.60, which should be substantially reduced due to the results obtained by the Plaintiff in this case. See Ex. 1 – Affidavit of Expert Robert E. Bonner.

The Supreme Court of the United States has held that the lodestar may be adjusted after consideration of the results obtained. Hensley, 461 U.S. at 434. In Dillard v. City of Greensboro, 213 F. 3d 1347, 1353 (11th Cir. 2000), it was held that the result obtained is the most important factor to be considered in deciding an appropriate attorneys' fee award. Other Circuits agree. See LeBlanc-Sternberg v. Fletcher, 143 F. 3d 748, 761 (2d Cir. 1998); Brodziak v. Runyon, 145 F. 3d 194, 197 (4th Cir. 1 998); Migis v. Pearle Vision, Inc., 135 F. 3d 1041, 1047 (5th Cir. 1998); Wall-Mart Stores, Inc . v. Barton, 223 F. 3d 770, 772 (8th Cir. 2000).

"Accordingly, the district court has discretion to reduce an award to account for situations where the lodestar figure is unreasonable in light of the limited success obtained." Martinez v. Hernando County Sheriff's Office, 2014 U.S. App. LEXIS 16084 (11th Cir. 2014) (district court did not abuse its discretion in reducing the lodestar figure by 75% to account for limited success); Popham, 820 F. 2d at 1578 (affirming trial court's decision to reduce the fee award by 67% because the plaintiff only recovered 1.5% of the damages sought; rejecting the concept that the "non-monetary value" inherent in vindicating a civil right should foreclose a reduction of the lodestar amount); James v. Wash Depot Holdings, 489 F. Supp. 2d 1341, 1353 (S.D.

Fla. 2007) (lodestar reduced by 50% when plaintiff originally requested $600,000, but only recovered approximately $3,500); William Smith v. Shane Chandler, Case No.: 6:11-cv-1332-Orl-31KRS, (Doc. 255) (attorneys' fees requested by Bradley N. Laurant, Esq. and Carlus L. Haynes, Esq. reduced by 50% based on de minimis award.)

The Supreme Court of the United States has also held that a district court must answer the question, "Did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" Hensley, 461 U.S. at 434. The time to be compensated in an award must be "reasonable in relation to the success achieved." Id. at 436. "It is an abuse of discretion for the district court to award attorneys' fees without considering the relationship between the 'extent of success' and the amount of the fee award." See McGinnis v. Kentucky Fried Chicken of California, 51 F. 3d 805, 809 (9th Cir. 1994), (quoting Farrar v. Hobby, 121 L. Ed. 2d 494, 113 S. Ct. 566, 575 (1992)) ("[N]o reasonable person would pay lawyers $148,000 to win $34,000."). To borrow from the rationale of the McGinnis case, no reasonable person would pay lawyers $179,098.75 to win $4,000.00 in this case.

Merely prevailing is not enough to entitle the Plaintiff to recover all or even substantially all of the fees sought. The Plaintiff must prevail in a manner substantially consistent with the relief initially sought by the Plaintiff. Farrar, 506 U.S. at 121-22. The Plaintiff in this case sought more than Nine Hundred Thousand Dollars ($900,000) in damages against the Defendant, Mallard alone, according to the Joint Pretrial Statement, not including punitive damages, only to have a jury

15

award him $0 in compensatory damages and only $4,000.00 in punitive damages against the Defendant, Mallard. A substantial across-the-board reduction in the lodestar associated with this case is warranted and justified by the Plaintiff's degree of success.

## IV. THE PLAINTIFF IS NOT ENTITLED TO $2,388.79 IN COSTS

The party seeking an award of costs or expenses bears the burden of submitting a request that enables the District Court to determine what costs or expenses were incurred by the party and the party's entitlement to an award of those costs or expenses. See Loranger v. Stierheim, 10 F. 3d 776, 784 (11th Cir. 1994). On August 3, 2018, the Plaintiff filed his Bill of Costs requesting a total of $2,388.79 in taxable costs. (Doc. 116) On August 16, 2018, the Defendants filed their Response And Memorandum Of Law In Opposition To The Plaintiff's Bill of Costs, requesting that the District Court enter an Order prohibiting the Plaintiff from taxing $896.59 in costs. (Doc. 118)

"Attorney travel expenses … are not expressly included in §1920 and are thus not taxable…" See Marlite, Inc. v. Eckenrod, 2011 U.S. Dist. LEXIS 2268, at *23 (S.D. Fla. January 5, 2011). The Plaintiff seeks to tax the costs of his attorney's flight to Virginia Beach, Virginia, in the amount of $355.60 and the cost of a rental car in the amount of $80.15 that his attorney rented while in Virginia. Those are not taxable costs, and therefore, the Plaintiff should be precluded from recovering $435.75 for the flight and rental vehicle of his attorney.

"[I]t is well settled within the Middle District that costs associated with mediation, even court-ordered mediation, are not recoverable under §1920." Gomez,

16

2015 U.S. Dist. LEXIS at *9; Lane v. G.A.F. Material Corporation, 2013 U.S. Dist. LEXIS 63707 (M.D. Fla. 2013) (finding "the law is clear that costs associated with mediation are not recoverable under §1920"). The Plaintiff's claimed expenses associated with the mediation conference in the total amount of $460.84 should not be taxed against the Defendant, Mallard. Thus, based on the foregoing authority, the Plaintiff should only be entitled to recover a total of $1,492.20 in taxable costs in this case.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of August, 2018, I electronically filed the foregoing with the Clerk of the Court, by using the CM/ECF System, which will send notice of electronic filing to the following: Bradley N. Laurent, Esq., and Carlus L. Haynes, Esq., Haynes & Laurent, P.A., 8615 Commodity Circle, Unit 6, Orlando, FL 32819, Attorney for the Plaintiff.

/s/ Bobby G. Palmer, Jr., Esq.
BOBBY G. PALMER, JR.
Florida Bar No. 398380
HILYARD, BOGAN & PALMER, P.A.
Post Office Box 4973
Orlando, FL 32802-4973
Telephone: (407) 425-4251
Facsimile: (407) 841-8431
bpalmer@hilyardlawfirm.com
Attorneys for the Defendants,
Brian Mallard and Jeffrey Brough