# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JOHN CRUZ ALICEA,**

    **Plaintiff,**

v.                                                           Case No: 6:16-cv-1327-Orl-31DCI

**BRIAN MALLARD and JEFFREY BROUGH,**

    **Defendants.**

## ORDER

Following trial and entry of judgment for Plaintiff (Doc. 115), Plaintiff filed a motion for award of attorney's fees and taxation of costs (Doc. 117). The matter was referred to Magistrate Judge Irick. On November 14, 2018, Judge Irick issued his Report and Recommendation recommending $67,077.00 in fees and $1,492.20 in costs (Doc. 121). Plaintiff filed an objection to the Report and Recommendation (Doc. 122) and Defendant responded (Doc. 123).

**I.    Attorney's Fees**

In his Report and Recommendation, Judge Irick recounted the extensive background to this litigation and concluded that Plaintiff was entitled to a reasonable attorney's fee. In response to Plaintiff's motion, Defendant relies on *Farrar et al. v. Hobby*, 506 U.S. 103 (1992), for the proposition that, although Plaintiff was the prevailing party, he should receive no fees because of his limited degree of success. Judge Irick distinguished that case by noting that the jury's award of $4,000.00 in punitive damages against Deputy Mallard does not qualify as nominal damages under *Farrar*. Based on the cases cited by Judge Irick, I find that Plaintiff is entitled to a reasonable attorney's fee under 28 U.S.C. § 1988.

Analyzing the amount of attorney's fees under the lodestar method, Judge Irick first addressed the hourly rate for Plaintiff's counsel in light of the *Johnson* factors. *See Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). Although Plaintiff requested an hourly rate of $375.00, Judge Irick found that $290 per hour was more in line with the range of reasonable hourly rates for civil rights attorneys with comparable skills and experience in Central Florida.[1] This finding is supported by the testimony of Defendant's fee expert and is consistent with case law in this district and my prior experience with Plaintiff's counsel.[2]

Turning to the number of hours expended, Judge Irick credited the billing records of Plaintiff's counsel, but reduced the time by 15 hours for excessive time spent drafting the Complaint and Plaintiff's response to Defendant's Motion for Summary Judgment. Plaintiff's objection to this reduction is misplaced.[3] I find, therefore, that Judge Irick's lodestar determination of $134,154.00 is supported by the evidence and is consistent with applicable case law.

Having determined the appropriate lodestar, Judge Irick found that due to the limited degree of success obtained by Plaintiff, an across-the-board reduction of the lodestar by 50% was appropriate, resulting in a fee award of $67,077.00. This reduction is in line with the testimony of Defendant's fee expert, Robert Bonner.[4] And although some public benefit was achieved, 50% of

---

[1] Plaintiff conceded in his objection that a rate as low as $300.00 per hour would be reasonable.

[2] The Court can rely on its own knowledge and expertise concerning a reasonable attorney's fee. *Norman v. Hous. Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).

[3] Contrary to Plaintiff's assertion, Judge Irick did not reduce hours attributable to the House of Blues.

[4] Although Plaintiff questions the veracity of Mr. Bonner's opinion, the Court is well

the lodestar is a generous amount considering that Plaintiff prevailed as to only one claim against one Defendant and failed to prove any compensatory damage. Accordingly, I find that Judge Irick's fee recommendation is proper and should be affirmed.

**II. Costs.**

In his motion, Plaintiff seeks to recover costs in the amount of $2,388.79. Doc. 117 at 11-12. Defendant objected to the inclusion of the cost of mediation ($460.84) and Plaintiff's counsel's travel expense ($435.75). Recognizing that neither of these costs are recoverable under 18 U.S.C. § 1920, Judge Irick sustained Defendant's objection and reduced the cost award to $1,492.20. The Court finds no error in this regard.

**III. Conclusion.**

For the reasons indicated, the Court overrules the Plaintiff's objections and **CONFIRMS** Judge Irick's Report and Recommendation. Judgment will be entered accordingly.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 3, 2019.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

aware of Mr. Bonner's experience and finds him to be a credible witness as to this issue.